S. Kaplan & Co., demandante y apelada, *v.* Julián S. Hawayek, demandado y apelante.

No. 5158.—*Sometido:* Abril 23, 1930. *Resuelto:* Junio 8, 1931.

*R. Rivera Zayas,* abogado del apelante; *Henry G. Molina,* abogado de la apelada.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

La demanda en este caso dice así:

"Comparece la demandante por su abogado que suscribe y expone:

"Que allá por el mes de diciembre de 1927 la demandante entregó al demandado dos (2) sortijas de brillantes por- el precio es-estipulado de $759.20 para ser pagadas por el demandado a la demandante en caso de quedarse con dichas prendas.

"Que el demandado se quedó con las prendas por un término mucho mayor de un término razonable, o sea, de lo acostumbrado en esta clase de negocios, pero no ha pagado a la demandante el precio estipulado en dichos brillantes, con excepción de $118.00, quedando a deber, por tanto, a la demandante la suma de $641.20.

"Que el demandado no ha pagado a la demandante dichos $641.20 a pesar de los numerosos requerimientos de la demandante a ese efecto.

"POR TODO LO CUAL, se suplica a a Corte se sirva condenar al demandado a pagar a la demandante la suma de $641.20 con intereses a razón del 6 por ciento anual desde diciembre, 1927, más las costas de esta acción."

El demandado presentó la excepción previa de falta de hechos suficientes, y la contestación, al mismo tiempo.

El caso se oyó por la corte que dictó sentencia en el fondo, condenando al demandado a pagar a la demandante $429.20 de principal, intereses legales y sin especial condena de costas. Ni en la opinión, ni en la sentencia encontramos nada que resuelva la excepción de falta de hechos suficientes para determinar causa de acción.

Ha apelado el demandado. No hay en el caso transcripción de evidencia, ni exposición del caso.

El error que a la sentencia se señala por el apelante, es así:

"La Corte erró al declarar con lugar la demanda y sostener implícitamente que la demanda expone una causa de acción contra el demandado."

■■ Argumentando su caso el apelante sostiene que según la demanda aparece, la exigibilidad del precio en esta compraventa depende de una supuesta costumbre que no se alega en la demanda de una manera específica en cuanto a

los actos en que consista, y los caracteres que tenga para ser, si posible, norma jurídica, así como el conocimiento de la misma por el demandado. Sostiene asimismo que de la demanda se desprende que la compraventa fué hecha bajo condición suspensiva; que si no se alegan los hechos determinantes del carácter jurídico de la costumbre, no cabe probarlos en juicio sin perjudicial sorpresa del demandado.

La argumentación del apelante en este sentido es fuerte y digna de consideración. Si se hubiera alegado solamente una costumbre, no tendríamos duda alguna para resolver; pero el demandante alega que el demandado se quedó con las prendas por un tiempo mucho mayor de un término razonable y en ese sentido, teniendo que considerarse admitido por la excepción previa este hecho, la demanda es suficiente. En lo que toca a la sentencia, no teniendo ante nosotros las pruebas, la presunción es de haberse probado suficientemente los hechos alegados en la demanda.

*Debe confirmarse la sentencia apelada.*